VINCENT J. VELARDO (13610)
**LITCHFIELD CAVO LLP**
420 E. South Temple, Suite 510
Salt Lake City, UT 84111
Phone: 801-410-4982
Fax: 801-384-0554
velardo@litchfieldcavo.com

*Attorneys for Plaintiff*

_____

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| THE CINCINNATI SPECIALITY UNDERWRITERS INSURANCE COMPANY<br><br>Plaintiff.<br><br>v.<br><br>RED ROCK 4 WHEELERS, INC.; LAURA NEUMANN, Interested Party,<br><br>Defendants. | **COMPLAINT**<br><br>Civil Case No. 4:21-cv-00062-DN<br><br>Judge David Nuffer |

Plaintiff, The Cincinnati Specialty Underwriters Insurance Company ("CSU"), by and through counsel, Litchfield Cavo LLP, alleges as follows:

### PARTIES

1. Plaintiff CSU is an insurance carrier, with its principal place of business in the state of Ohio and transacts business in Utah.

2. Defendant Red Rock Four Wheelers, Inc. ("Red Rock") is and at all times relevant a Utah Corporation.

3.     Defendant/Interested Party Laura Neumann is, and at all times relevant, a resident of Nevada.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332(a)(1) by virtue of diversity of citizenship.

5.     The amount in controversy exceeds $75,000 exclusive of interest and costs.

6.     CSU brings this action for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

7.     Venue is proper pursuant to 28 U.S.C. § 1391(a).

## GENERAL FACTUAL ALLEGATIONS

8.     Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

9.     Laura Neumann brought claims against Red Rock via a Complaint filed in District Court, Clark County, Nevada, and removed to the United States District Court, District of Nevada, (*See* Complaint, attached as "Exhibit A").

10.     The first cause of action in the underlying complaint is for negligence.

11.     Ms. Neumann alleges that at all relevant times, Defendant Red Rock had a duty of reasonable care in the protection and safeguarding of persons who attended its events, and that that Red Rock breached its duty of reasonable care by failing to maintain the Moab Jeep Safari Golden Spike Trail event in a reasonably safe condition, including, but not limited to: a. failing to maintain a safe distance for the crowd and observers such as Plaintiff; and b. failing to instruct Mr. Jeremy Felts of the correct direction to proceed. (Ex. A.)

12.     It is also alleged that Red Rock is further liable for negligence of its "trail leader" pursuant to the doctrine of *Respondeat Superior*, and the negligence of their agents under the doctrine of Vicarious Liability, and that Red Rock knew or should have known that it was reasonably foreseeable that a breach of its duty to maintain a safe distance for the crowd and observers in the aforementioned manner might result in catastrophic injury. (Ex. A).

13.     Ms. Neumann alleges that as a direct and proximate role of Red Rock's negligence, she was caused to incur injury to her body and mind, past and future medical expenses, past and future pain and suffering, past and future sever emotional distress, and anticipated future loss of income, all to her damage in an amount in excess of $15,000.00. (Ex. A).

14.     The second cause of action in the underlying suit is for gross negligence and punitive damages. It is alleged that all acts, conduct and omissions on the part of Red Rock taken singularly or in combination, constitute gross negligence and were the proximate cause of Ms. Neumann's injuries and damages. (Ex. A).

15.     Ms. Neumann alleges that Red Rock's acts and/or omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and they had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Ms. Neumann. (Ex. A).

16.     It is further alleged that Red Rock's conduct was reckless and/or done with an intentional state of mind, such gross negligence was a proximate cause of the occurrence and the injuries and damages, and as a direct and proximate result of Red Rock's tortious conduct, Ms. Neumann was caused to incur injury to her body and mind, past and future medical expenses,

past and future pain and suffering, past and future severe emotional distress, and anticipated future loss of income, all to her damage in an amount in excess of $15,000.00. (Ex. A).

17.     It is also alleged that Red Rock's acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Ms. Neumann's rights and the rights of those similarly situated, and Red Rock should be assessed punitive or exemplary damages. (Ex.  A)

**The CSU Policy**

18.     CSU issued a Commercial General Liability Policy to Red Rock, No. CSU0118280 (hereinafter "the Policy"), in effect from August 1, 2018 to August 1, 2019. (*See* Policy, attached as "Exhibit B").

19.     CSU is defending Red Rock under the Policy pursuant a reservation of rights. (*See* Reservation of Rights, attached as "Exhibit C").

20.     The liability coverage section of the policy indicates that it provides liability coverage for Red Rock as follows:

### COMMERICAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties, and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under **SECTION II –** Who is an Insured**.**

Other words and phrases that appear in quotation marks have special meaning.  Refer to **SECTION V –** Definitions.

4

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.     **Insuring Agreement**

   **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

   **(1)**     The amount we will pay for damages is limited as described in SECTION II – LIMITS OF INSURANCE; and

   **(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under COVERAGES A or B or medical expenses under COVERAGE C.

   No other obligation or liability to pay sums or perform acts or services are covered unless expressly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

   **b.**     This insurance applies to "bodily injury" and "property damage" only if:

   **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence that takes place in the coverage territory";

   **(2)**     The "bodily injury" or "property damage" occurs during the policy  period; and

   **(3)**     Prior to the policy period, no insured listed under Paragraph 1 of Section II. Who is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that the bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the

5

policy period will be deemed to have been known prior to the policy period.

### EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES

A.   The following exclusion is added to **Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:**

2.   **Exclusions**

This insurance does not apply to any claim of indemnification for punitive or exemplary damages. If a suit is brought against any insured for a claim covered by this coverage part, seeking both compensatory and punitive or exemplary damages, we will provide a defense to such action. However, we will not have an obligation to pay for any costs, interest, or damages, attributable to punitive or exemplary damages. If state law provides for statutory multiple damage awards, we will pay only the amount of the award before the multiplier is added.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – ALL TERRAIN VEHICLES, UTILITY TERRAIN VEHICLES, SNOWMOBILES OR OTHER RECREATIONAL OFF ROAD VEHICLES**

This endorsement modifies insurance provided under the following:

**COMMERICAL GENERAL LIABILITY COVERAGE FORM**

a.   The following exclusion is added to Paragraph 2. Exclusions of Section 1 Coverage A- Body Injury and Property Damage Liability and Paragraph 2. Exclusions of Section 1 – Coverage B – Personal and Advertising Liability: This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury".

(1)   Arising out of the:

a.   Ownership;
b.   Maintenance'
c.   Rental;
d.   Lease;
e.   Entrustment to others; or

f. Use of any "all-terrain vehicle (ATV)" "utility terrain vehicle (UTV)", snowmobile, or any other "recreational off-road vehicle (ROV)"

**SECTION V – DEFINITIONS** is amended to the following:

For the purposes of this endorsement, the following definitions apply:

**"Utility terrain vehicle (UTV)" and "Recreational off-road vehicle (ROV)"** means any motorized vehicle operating on a crawler tread or four or more tires designed for off-road use having a bench or bucket seating for each occupant and a steering wheel for control.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**LIMITED COVERAGE FOR SPECIAL EVENTS ONLY**

This endorsement modifies the insurance provided under the following:

**COMMERICAL GENERAL LIABILITY COVERAGE FORM**

Schedule:

Event Name and Description: 2019 Jeep Expo; 2019 Easter Jeep Safari and Labor Day Campout 2018; Monthly Member's Safari Jeep Outings.

Date of Event: Various
Location of Event: Various

This insurance applied only to "bodily injury", "property damage", or "personal and advertising injury" arising out of:

(1) Operations necessary or incidental to the Event designation in the schedule; or

(2) Included in the "product-completed operations hazard" and arising out of the Event shown  in the schedule. All other terms, conditions and limitations of this policy remain unchanged.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**EXCLUSION – ACTIVITIES AND EVENTS**

This endorsement modifies the insurance provided under the following:

**COMMERICAL GENERAL LIABILITY**

A. The following exclusion is added to **Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B –     Personal and Advertising Injury Liability.**

This insurance does not apply to "bodily injury", "property damage" or "personal or advertising injury arising out of any activity or event organized or sponsored by any insurance if:

(1)     We are not notified of the activity or even prior to it taking place; and

(2)     The activity or event is not added by endorsement to this policy, identifying the event and the premium paid for the additional coverage provided by such endorsement.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**EXCLUSION – PARTICIPANTS AND CONTESTANTS**

This endorsement modifies the insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

A.     The following exclusion is added to **Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability.**

This insurance does not apply to "bodily injury", "property damage" or "personal or advertising injury: to any person whole practicing, instructing, supervising, officiating, training or participating in any physical exercise, game, sport contest, race, exhibition, demonstration, special event, Jeep Tours and Jeep Rentals, performance or show.

## <u>CLAIM FOR DECLARATORY RELIEF</u>

21.     Plaintiff incorporates each of the above allegations as though fully set forth

herein.

22.     An actual dispute and controversy has arisen between CSU and Red Rock regarding whether coverage and/or a duty to defend exists for Red Rock under the policy for the lawsuit arising out of the allegations stated in the Complaint of Ms. Neumann.

23.     Coverage is excluded for Red Rock because the claims made against Red Rock arise out of actions and operations which are specifically excluded by the policy provisions cited above.

24.     Coverage is excluded because the claims by Ms. Neumann arose out of the use of a recreational off-road vehicle, specifically excluded above.

25.     Coverage is excluded for Red Rock because the claims by Ms. Neumann arose out of her acting as a participant in the underlying event at issue, specifically excluded in the policy. (Ex. B). Ms. Neumann signed a waiver, which specifically listed her as a participant. (*See* Release & Waiver, attached hereto as "Exhibit D").

26.     Also, in her deposition in the underlying action, Ms. Neumann testified that she was a participant in the event, and implied throughout her deposition that she was a participant. (*See* Transcript of Deposition, attached as "Exhibit E", p. 88, 121, 184-185, 190-191)

27.     In addition, punitive damages are excluded in the policy and not insurable in Utah under UCA 31A-20-101(4). (Ex. B).

28.     CSU has complied with all of its contractual and legal obligations in this matter, including making a diligent investigation into the claims made, and CSU is defending Red Rock in the lawsuit brought by Ms. Neumann, under a full reservation of rights pending a decision on this action regarding whether coverage exists.

29.     CSU seeks a declaratory judgment indicating that it has no duty to defend or indemnify Red Rock, or any related entity, for any claims arising out of the allegations contained in Ms. Neumann's complaint.

30.     Accordingly, a judicial determination is necessary and appropriate at this time to determine the respective rights of Plaintiff and Defendants under the policy.

31.     Plaintiff requests a declaration from this Court that:

    a.     There is no coverage under the policy for Defendants because the facts alleged in the underlying Complaint do not give rise to coverage.

    b.     As there is no coverage under the policy, CSU has no duty to defend or indemnify Red Rock for any claims asserted in the underlying Complaint or any subsequent amendments.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CSU prays for the following relief:

For a declaration that:

    a.   There is no coverage under the policy for Red Rock because the liability alleged in the Complaint filed by Ms. Neumann is specifically excluded by the policy;

    b.   As there is no coverage under the Policy, CSU has no duty to defend or indemnify Red Rock for any claims asserted by Ms. Neumann in her Complaint, or any subsequent amendments.

    c.   For such other and further relief as the Court deems just and proper.

DATED this __25th__ day of May, 2021.

*/s/ Vincent J. Velardo*
Vincent J. Velardo
**LITCHFIELD CAVO LLP**
420 E. South Temple, Suite 510
Salt Lake City, UT 84111
801-410-4982
801-384-0554 (Fax)
velardo@litchfieldcavo.com
*Attorneys for Plaintiff*

11